### UNDESIGNATED PAYMENT BY DEBTOR ON TWO OBLIGATIONS.

Circuit Court of Cuyahoga County.

FRANCIS A. HARVEY ET AL v. MARY B. SHURTLEFF, EXECUTRIX.

Decided, January 20, 1908.

*Debtor and Creditor—Application of Payments.*

Where the debtor makes a payment to the creditor to whom he owes two obligations, one not yet due and the other past due, without specifying upon which the payment is to be applied, the creditor must apply it to the payment of the obligation which is due.

*Mark A. Copeland,* for plaintiff in error.
*Burton & Dake* and *William Howell,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The original action in the court below was a mortgage foreclosure case brought by one Ryder against the plaintiffs in error and others. A decree of foreclosure was entered and other issues being reserved for further trial, the mortgaged premises were sold, resulting in a deficit. With respect to this deficit and upon the issues reserved the case was thereupon resolved into two actions for money only, which were separately docketed and

tried, by consent of parties, and upon judgment being rendered in the second of these separated actions, this petition in error was filed.

The plaintiff in error, Frances A. Harvey, in June, 1902, owned a parcel of land at the corner of Kennard and Portland streets in this city. General Shurtleff, of whose will Mary B. Shurtleff is the executrix, through the firm of Harvey Brothers, sons of the plaintiff in error, then made a loan of $3,000 to the plaintiffs in error, evidenced by two promissory notes, one for $2,500, bearing interest at six per cent. due five years after date, the other for $500, bearing interest at eight per cent. and due six months after date, each of which was secured by mortgage on this property.

Before the maturity of either of these notes, Mrs. Harvey sold the mortgage premises to Mrs. Malvina Green, now insolvent, who assumed and agreed to pay the said mortgage indebtedness. A few months after this sale General Shurtleff, upon being paid the sum of $1,000 by Mrs. Green, through Harvey Brothers, released certain portions of the mortgaged premises from the lien of the mortgage. The $500 note was then due, but General Shurtleff applied the sum thus paid upon the $2,500 note, which was not due. Afterwards General Shurtleff sold the $2,500 note to said Ryder, plaintiff in the original mortgage foreclosure suit. In that suit General Shurtleff, or the executrix of his will, Mary B. Shurtleff, filed a cross-petition upon the $500 note and mortgage, but no part of that note was paid out of the proceeds of the foreclosure sale, and it is upon the action for personal judgment upon this note that the present proceeding in error arises.

The action by Ryder for a personal judgment against the Harveys for the deficiency resulting from the foreclosure sale resulted in a judgment for the defendants, apparently upon the ground that General Shurtleff had, in consideration of the assumption of the $2,500 note by Malvina Green when she purchased, released the Harveys from their liability as makers thereof. The pleadings and journal entries in the original mortgage foreclosure suit, as well as in the action for personal judgment for the deficiency due on the $2,500 note, were all put in

evidence in this case and are included in the bill of exceptions before us.

The defenses to this action interposed by the Harveys are three in number:

1. That General Shurtleff's release of this personal liability of the Harveys extended as well to the $500 note as to the $2,500 note.

2. That the release of a portion of the mortgaged premises from the lien of the mortgage, at the instance of Mrs. Green, and on payment by her of $1,000, was made without the consent of the Harveys, and impaired the mortgaged security of the indebtedness by the full amount of the deficiency resulting from the foreclosure sale.

3. That General Shurtleff misapplied the $1,000 thus paid, which if applied according to law and the rights of the Harveys' would have extinguished the $500 note.

Upon the first defense it was alleged in the answer of the Harveys that General Shurtleff, being in the habit of lending money to or through them, had entered into a general agreement by the terms of which he had contracted to release them from personal liability on any mortgage notes which they executed to him, whenever they should sell the mortgaged premises to persons, whose responsibility upon an investigation by him, he should approve, in consideration of such purchasers' assumption of an agreement to pay such mortgaged indebtedness; and that pursuant to this arrangement he had, upon investigation, approved of Mrs. Green's responsibility, and had released the Harveys from personal liability upon their notes assumed by her and secured by mortgage on the premises which she purchased from them.

Upon the trial the Harveys introduced some evidence tending to show that General Shurtleff had released them from personal liability, but the court charged the jury in substance that it was incumbent upon the Harveys to prove not only a mere verbal release by General Shurtleff but a substantial compliance with the terms of the alleged general agreement between him and the Harvey Brothers so far as the same related to this transaction, and the court declined to charge, as requested, that if the jury

found that General Shurtleff had in fact verbally released the Harveys from their personal liability, in consideration of Mrs. Green's assumption of the mortgage indebtedness, they should find for the defendants.   In this we think the court erred.   The material fact was merely whether a release had actually been given.   If so, it was quite immaterial whether all of the matter of inducement alleged by the Harveys in their answer was proved. No matter what General Shurtleff's general arrangement with the Harveys may have been, if he chose to make a contract of release of their liability in this case, that would suffice to make a perfect defense to this action.

As to the second defense, we think, upon examination of the evidence contained in the bill of exceptions, that the court was warranted in submitting to the jury, and the jury was warranted in finding, that the Harveys did consent to the release of a portion of the mortgaged premises from the lien of the mortgage, if such consent was necessary under the circumstances of this transaction.

With respect to the third defense, we find the law to be as contended by plaintiff in error namely: when payment is made by a debtor to his creditor, without stipulation as to whether it shall be applied upon a debt that is due or upon a debt that is not due, it becomes the creditor's duty to apply it upon the former. For it would be contrary to all reason to suppose that one who owes his creditor two debts should be presumed to intend to apply the payment upon one which is not due, leaving the other which is due to be enforced at once.   *Barbour's Law of Payments,* 138; *Stemfor Bank* v. *Benedict,* 15 Conn., 437.

And this is true, despite the fact that in this case it was natural for General Shurtleff to desire to apply the payment upon the obligation which bore the lower rate of interest and which was without security of the Harveys' liability as original makers, if we suppose that upon retrial the jury, when properly instructed on the subject of the release of the Harveys' personal liability upon this $500 note, will find as they did before.

The creditor, as between debts not due, has the option to apply payment as he pleases, if no stipulation in that behalf is made

by the debtor, and if no application is made, a court of equity will apply it in an equitable manner. But under the circumstances of this case the creditor had no option. If he had made the proper application of the payment of $1,000 this $500 note would have been extinguished.

It is claimed, however, that the Harveys are estopped from asserting that the $500 note was paid, because it was adjudicated in the original foreclosure suit, to which both they and Shurtleff's executrix were parties; that $500 was owing upon this note and $1,500 on the $2,500 note.

The answer to this contention is that so far as the issues then adjudicated are concerned, this finding was strictly true. The personal liability of the Harveys was an issue which was then expressly reserved, and their contention then was. and still is that no personal liability whatever attached to them.

We have carefully examined the pleadings which they filed in the original foreclosure suit, and in the other branch of the case, as afterwards divided, and we fail to find any allegation or admission therein, either that the $1,000 had been paid upon the $2,500 note, or that any part of the $500 note was due from them.

Shurtleff's executrix has, moreover, failed anywhere to plead that Mrs. Green, in making the payment of $1,000 gave any direction, through the Harveys or otherwise, as to how that payment should be applied, or that the Harveys themselves gave any such direction or are in any way estopped from interposing this defense. Neither do we discover anything in the evidence which would warrant us in supposing that General Shurtleff was under any direction or duty to apply said payment otherwise than as the law required for the preservation of the Harveys' rights in the premises.

At the close of the plaintiffs' evidence in the court below a motion to direct a verdict upon this ground of defense was properly interposed, and that motion should have been sustained.

For the errors indicated, the judgment of the court of common pleas is reversed and cause remanded for a new trial.